IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL DWAYNE COLEMAN, #560692, Plaintiff, | § § § § | |
| v. | § § | 3:11-CV-0462-O (BK) |
| Mr. FNU Craig, et al., Defendants. | § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred for pretrial management. For the reasons set out below, the District Court should dismiss this action as barred by the three-strike provision of 28 U.S.C. § 1915(g).

**I. BACKGROUND**

Plaintiff, a state inmate confined within the Texas Department of Criminal Justice (TDCJ) at the Havins Unit in Brownwood, Texas, filed this *pro se* civil rights action against three Havins Unit officials, Warden Curry, Mr. Craig, and Ms. Cook. Although he did not submit a motion for leave to proceed *in forma pauperis*, he submitted a certificate of inmate trust account reflecting he has no funds. (Doc. 2 at 13.)

In his complaint, Plaintiff states Defendants are forcing him to work despite his medically-unassigned status. He seeks monetary and injunctive relief.

**II. ANALYSIS**

28 U.S.C. § 1915(g), the "three-strike" provision of the Prison Litigation Reform Act (PLRA), precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more

prior occasions, while confined as a prisoner, he filed civil actions or appeals in federal court which were dismissed, either by a district court or appellate court, as being frivolous, malicious, or for failing to state a claim. *Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007).

Plaintiff has had three prior civil actions dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Coleman v. Lambert*, 4:07-CV-0603 (N.D. Tex., Fort Worth Div., 2007) (dismissing last case because Plaintiff was previously barred by three strikes as summarized in *Coleman v. Nunn,* 2:03-CV-0274 (N.D. Tex., Amarillo Div., 2003)).

Having accumulated three "strikes," section 1915(g) precludes Plaintiff from proceeding in this action *in forma pauperis* unless he alleges a claim of "imminent danger of serious physical injury" at the time of filing the complaint. *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). The complaint, even when liberally construed, presents no claim that Plaintiff was in danger of any physical injury at the time of filing the same. *See Carson v. Johnson*, 112 F.3d 818, 822-823 (5th Cir. 1997). Plaintiff merely complains Defendants require him to work despite his reoccurring urethra condition and the fact that he has been wearing a "jock strap" and "self-catherizing" since 2009. (Doc. 2 at 4.) Therefore, because Plaintiff has not alleged a claim of imminent danger of serious physical injury, the District Court should bar him from proceeding *in forma pauperis* under section 1915(g).

### III. RECOMMENDATION

For the foregoing reasons, the District Court should **DISMISS** this action as barred by the three-strike provision of 28 U.S.C. § 1915(g). Such dismissal is with prejudice to the refiling of

an *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit with full payment of the $350.00 filing fee.

SIGNED on March 9, 2011.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

3